## COONS v. SANGUINETTI.

(Supreme Court, Appellate Division, Third Department.  January 16, 1904.)

1. SALES—ACCOUNT STATED—EVIDENCE.

In an action to recover a balance for goods sold, evidence that there was a dispute between the parties as to the amount due, the defendant claiming the amount to be from $50 to $60, while plaintiff's decedent claimed it was over $100; that defendant offered to pay $75 to settle when deceased brought a receipt to defendant's wife, which he never brought; and that defendant never paid the money—shows an attempt at compromise, and not an account stated.

2. SAME—PAYMENT.

Where, in an action for a balance due for goods sold, defendant's wife testified in his behalf that plaintiff's decedent had said, on an occasion when they were having a dispute over the amount due, that such amount was $75, and such testimony was entirely undisputed, it was error for the court to direct a verdict for plaintiff for $201.87 and interest, which was the amount claimed, though such witness made a statement inconsistent with her previous testimony to the effect that defendant stated the amount due on the contract was over $100.

Appeal from Trial Term, Fulton County.

Action by Jennie L. Coons, as executrix of the estate of Derrick G. Golder, deceased, against John Sanguinetti.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

N. H. Anibal, for appellant.

Frank Talbot, for respondent.

CHESTER, J.  The action was brought to recover for an amount remaining unpaid upon a piano contract between the defendant and one Mary E. Tietz which had been transferred to the plaintiff's testator, Derrick G. Golder.  The amount claimed in the complaint to be due was the sum of $201.87, besides interest.

The court directed a verdict for the plaintiff for the full amount claimed.  In the answer it was alleged that there had been an account stated between the defendant and Golder under the contract in question, under which a balance of only $75 was due from the defendant thereon, and it was also alleged "that the entire amount of said contract had been paid, except seventy-five dollars."

The evidence given in support of the defendant's allegation of an account stated was all given by defendant's wife, and was to the effect that there had been a dispute between the parties over the amount due; that the defendant claimed it was only from $50 to $60, and Golder that it was over $100; that the defendant offered to pay $75 to settle when Derrick brought a receipt to defendant's wife; that he never

brought such receipt; and that the defendant never paid the money. This evidence shows an unsuccessful effort to compromise the claim rather than an adjustment of the accounts that could fairly be regarded as an account stated.

But under the allegation of payment a different situation is presented. The defendant's wife testified in his behalf that Golder had said upon the occasion when they were having the dispute over the amount due on the contract that the amount unpaid was $75. This testimony was entirely undisputed by any direct evidence. It is true that she made a statement inconsistent with this when she testified that he said that the amount due on the contract was over $100. It is true also that she was the wife of the defendant, and testified in his behalf to a conversation· with a deceased person. While these facts required that her testimony should be carefully scrutinized, it was for the jury to determine what, if any, weight should be given to it. With her evidence in the case there was a clear question of fact for the jury to determine as to whether or not all but $75 of the contract had been paid, and the direction of a verdict for the plaintiff for the full amount claimed was error which requires reversal.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.